UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERUNDA LYNN FOX,

    Plaintiff,

v.                                            Case No. 25-cv-14182
                                                  Honorable Linda V. Parker

UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

On December 30, 2025, Plaintiff filed this pro se lawsuit against the United States Postal Service ("USPS"). (ECF No. 1.) In her Complaint, Plaintiff claims that USPS mishandled registered letters Plaintiff sent to the Federal Election Commission to register as a presidential candidate. Plaintiff alleges that her letters never arrived, thereby hindering her right to run for President of the United States. She seeks $10 trillion in damages.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts are "obligated" to assure themselves of subject matter jurisdiction sua sponte, whether a party raises the issue or not. *Gonzalez v. Thaler*, 565 U.S.

134, 141 (2012).  If jurisdiction is lacking, the court must dismiss the matter.  Fed. R. Civ. P. 12(h)(3).  For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's Complaint.  Therefore, it is being sua sponte dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

USPS is "an independent establishment of the executive branch of the Government of the United States."  *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006) (quoting 39 U.S.C. § 201).  Sovereign immunity generally bars claims against the United States without its consent.  *See Montez ex rel. Estate of Hearlson v. United States*, 359 F.3d 392, 395 (6th Cir. 2004) (citing *United States v. Orleans*, 425 U.S. 807, 814 (1976)).  Thus, USPS "enjoys sovereign immunity absent a waiver."  *Dolan*, 546 U.S. at 484 (citing *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 741 (2004)).

Through the Federal Tort Claims Act ("FTCA"), Congress waived sovereign immunity for "tort claims arising out of activities of the Postal Service[.]"  *Id.* (quoting 39 U.S.C. § 409(c)).  However, the FTCA qualifies its waiver for certain claims.  *Id.* at 485.  As relevant to Plaintiff's Complaint, the FTCA exempts from its waiver of immunity "any claims arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  *Id.* (quoting 28 U.S.C. § 1346(b)) (brackets and ellipsis removed).  As the Supreme Court explained in *Dolan*, "Congress intended to retain immunity, as a general rule, only for injuries

arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id.* at 488.

This exception to the FTCA's waiver of immunity also applies to claims of *intentional* loss, delay, or theft of mail. *See Levasseur v. United States*, 543 F.3d 23, 24 (1st Cir. 2008); *Benigni v. United States*, 141 F.3d 1167, 1167 (8th Cir. 1998); *C.D. of NYC, Inc. v. U.S. Postal Serv.*, 157 F. App'x 428, 429 (2d Cir. 2006); *Lopez v. U.S. Postal Regul. Comm'n*, No. 18-22321-CV, 2019 WL 11553449, at *2-3 (S.D. Fla. Sept. 23, 2019) (collecting cases). As courts have reasoned, if Congress had intended to remove intentional torts from the exception, it "would have placed the word 'negligent' at the beginning of the section or before each event so that it could be read as applying equally to loss, miscarriage[,] and transmission." *Washburn v. U.S. Postal Serv.*, No. 2:19-cv-12, 2019 WL 2024537, at *3 (D. Utah May 8, 2019) (quoting *Watkins v. United States*, No. 02 C 8188, 2003 WL 1906176, at *4 (N.D. Ill. Apr. 17, 2003)); *Amron v. U.S. Postal Serv.*, No. 2008 WL 11449078, at *4 (E.D.N.Y. Feb. 25, 2008); *see also Levasseur*, 543 F.3d at 24 ("the fact that the word 'negligent' only modifies the word 'transmission' indicates that intentional acts of 'loss' and 'miscarriage' are also covered").

For these reasons, the Court concludes that the United States has not waived sovereign immunity with respect to Plaintiff's claim. This Court, therefore, lacks

jurisdiction to entertain Plaintiff's Complaint and it must be dismissed pursuant to Rule 12(h)(3).

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **SUMMARILY DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that any appeal of this decision could not be taken in good faith and, therefore, leave to proceed IFP on any appeal is **DENIED**. 28 U.S.C. § 1915(a)(3).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 7, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 7, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager